Common Pleas Court of Hamilton County.

## STUART JACKSON v. CITY OF CINCINNATI.

Decided January 5, 1933.

*Louis Rubenstein,* for plaintiff in error.
*Harry J. Wernke,* for defendant in error.

DARBY, J.

Plaintiff in error was convicted in the Municipal Court of the violation of the ordinance prohibiting possession of intoxicating liquor. The offense charged was a second offense, and the penalty was $300.00 and costs.

The bill of exceptions is in narrative form. The testimony as set forth is of less than one page. After having been filed, the bill of exceptions was submitted to the prosecuting attorney and was later approved by the trial judge. It recites that it contains "all the testimony offered at the trial." If substantially all the testimony given is not contained in the bill, it could have been corrected upon objections being filed by the prosecuting attorney, or by the judge himself.

The motion for a new trial specifies as the second ground:

"The judgment and decision of the court is not supported by any of the evidence, and is manifestly against the weight of the evidence."

So that it was directly called to the attention of the prosecuting attorney and the trial judge, that one of the alleged errors was that the finding was not supported by the evidence.

The evidence for the city consisted of the testimony of a police officer, which was as follows:

"* * * that on the 26th day of March, 1932, he (witness) was seated in an automobile with officer Fred Stagenhorst, in the rear of 3711 Colerain avenue * * *; that while seated in said automobile he observed the defendant, Stuart Jackson, standing with his hands in his pocket; that he heard the sound of glass striking the pavement, and that he got out of said automobile and went to the front wheels, and found there a half pint bottle of moonshine liquor lying on the ground near said wheels; that said defendant was standing near said front wheel where the bottle of liquor was found; that he observed that one of the pockets of said defendant had a hole in same, and prior to the time witness heard the glass strike the pavement he saw the defendant with his hands in his pocket, and what appeared to be a bulge about the size of the bottle; that he did not see the defendant throw the bottle herein mentioned, nor did he see same strike the pavement; that the defendant denied it was his bottle, or that he had placed same where the officers had found it, or that he at any time had any bottle. Witness further said that he had observed the defendant making at least five trips from a poolroom near where the bottle had been found, to a house in the neighborhood."

The bill of exceptions recites that Fred Stagenhorst, the other officer, gave the same testimony as the officer above mentioned.

It was admitted that the defendant had been previously convicted of violating the ordinance. The defendant testified:

"That on March 26, 1932, he was standing in the rear of 3711 Colerain avenue, Cincinnati, Ohio, with his hands in his pockets, when he was arrested by officers Rupert

and Stagenhorst, and was shown a bottle containing a liquid and asked by said officers if he had thrown said bottle, or caused same to be placed near the front wheels of the automobile; that he denied having any intoxicating liquor or bottle, and that he knew nothing concerning the same."

This was the evidence in the case.

There was no evidence to show whether Jackson was alone, or with other persons at the time. While there is a reference to a hole in the pocket of the defendant, it is not indicated that it was a hole in the pocket in which he had his hands, or that the hole was of such extent as that the bottle had one been there, could have been slipped through. The officers say they saw what appeared to be a bulge in the defendant's pocket. The bulge was about the size of the bottle, but he also had his hands in that pocket seemingly; yet whether that was an outside, overcoat pocket or trousers pocket, or what, is not stated. While the officers heard the bottle fall, it is not indicated how near it fell to the place where Jackson was, or whether it might have been thrown by some other person who was there or thereabouts.

If a narrative form bill of exceptions is to be used, it should actually contain all the evidence, just the same as any other bill of exceptions. If as filed, it does not contain all the evidence, it should be included by insertion or correction of the trial judge.

A court on review cannot assume that there was evidence upon any fact which is not contained in the bill of exceptions. It does not appear whether the automobile in front of which this bottle was found was an automobile of the police or of the defendant.

There may be some evidence of suspicion of defendant's guilt, but suspicion is not proof. The only rule that the court could apply in such a case is that the defendant may not be convicted, unless his guilt is proven beyond reasonable doubt.

On review, this court may not sustain a conviction unless there be evidence in the case which proves guilt, and while the court is bound to indulge the presumption in favor of the judgment of the trial court, yet where the

evidence seems clearly not to sustain the judgment, the duty of the reviewing court is clear.

The judgment of the Municipal Court will be reversed, and the cause remanded for further proceedings.